**Wilfrido RIVERA–OJEDA, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 02–73735.
Agency No. A78–541–841.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 10, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kevin A. Bove, Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Jacqueline Dryden, Department of Justice, Linda S. Wendtland, Washington, DC, for Respondent.

Before FERNANDEZ, GRABER and GOULD, Circuit Judges.

## MEMORANDUM***

Wilfrido Rivera–Ojeda, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applications for cancellation of removal and voluntary departure.

*** This disposition is not appropriate for publication and may not be cited to or by the

The IJ denied the application for cancellation of removal on three independent grounds: (1) Rivera–Ojeda failed to establish that he was physically present in the United States for a continuous period of not less than ten years immediately preceding the date of his application; (2) Rivera–Ojeda failed to establish he was a person of good moral character; and (3) Rivera–Ojeda failed to establish that his removal would result in exceptional or extremely unusual hardship to his United States legal permanent resident father.

Because the BIA's "affirmance without opinion endorses only the result of the IJ's decision and not its reasoning, we do not know whether the BIA's decision was based on the reviewable or unreviewable ground, or both." *Lanza v. Ashcroft,* 389 F.3d 917, 927 (9th Cir.2004). Accordingly, we vacate the BIA's denial of Rivera–Ojeda's request for cancellation of removal, and remand with instructions to clarify the grounds for its affirmance of the IJ's denial. *Id.* at 932.

Rivera–Ojeda also contends that the IJ erred in denying his request for voluntary departure because the IJ erroneously concluded he did not possess good moral character. We lack jurisdiction over this issue, and dismiss. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003) ("[t]he INA provides that 'no court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure'") (quoting 8 U.S.C. § 1229c(f)).

**PETITION FOR REVIEW VACATED and REMANDED in part, and DISMISSED in part.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.